550 A.2d 1021

**Mary GENOVESE, Appellee,**

v.

**Joseph GENOVESE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1988.

Filed Dec. 2, 1988.

Paul N. Sandler, Philadelphia, for appellant.

Arthur Robert Shuman, Jr., Philadelphia, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order entered in proceedings on a petition to hold appellant in contempt for failure to pay sums due pursuant to a child support order. Appellant contends that: (1) he should not be held in contempt of an

order that is vague and unspecific, and (2) the trial court erred in attempting to enforce an order with which he is financially unable to comply. We quash.

The original support order in this matter was entered in August, 1985, by the Honorable Frank M. Jackson and directed that appellant make biweekly payments of support and arrearages, as well as annual lump-sum payments which were to be made within ten days of receipt of his annual bonus. Biweekly payments were made as scheduled, but appellant failed to make lump sum payments in 1985 or 1986. A petition for contempt was filed by appellee in December 1986. After a hearing at which argument was presented by counsel for both parties but at which appellant was not permitted to testify, the Honorable Mary Rose Cunningham, on January 23, 1987, entered an order which, in pertinent part, states, "defendant to pay a sum of [$]14,-300.00 within two weeks or be held in contempt" and listed the matter for further hearing on February 6, 1987. This appeal followed.

▬ In the statement of jurisdiction included in his brief, appellant asserts that "[t]he Order of Judge Cunningham constitutes a final determination that the prior Order of the Honorable Judge Jackson ... was enforceable against the Appellant in accordance with Judge Cunningham's interpretation of said Order."

Unless sanctions are imposed, an order declaring a party in contempt is interlocutory. *McManus v. Chubb Group of Insurance Companies,* 342 Pa.Super. 405, 493 A.2d 84 (1985); *In re Grand Jury Subpoena to Kevin Koll,* 311 Pa.Super. 212, 457 A.2d 570 (1983); *Hester v. Bagnato,* 292 Pa.Super. 322, 437 A.2d 66 (1981). Unless the order of contempt is final, this Court lacks jurisdiction to entertain the appeal. *McManus, supra; Guisler v. Alexander,* 307 Pa.Super. 219, 453 A.2d 4 (1982). A threat to hold a party in contempt at some future time if a decree is not performed or a threat to impose sanctions in the future is neither final nor appealable. *See McManus, supra; Brodsky v. Philadelphia Athletic Club,* 277 Pa. Super. 549, 419 A.2d 1285 (1980).

*Steel v. Weisberg,* 368 Pa.Super. 590, 593, 534 A.2d 814, 816 (1987). Although the challenged order in this case does constitute a formalization of the trial court's interpretation of the support order so as to require payment of the stated sum, it clearly does not constitute a present finding of contempt, nor does it impose a sanction. It is, therefore, interlocutory. Since we are without jurisdiction to hear this appeal, we quash. *See Hester, supra.*[1]

APPEAL QUASHED.

1. It is noted that, at the conclusion of the hearing on the petition for contempt, Judge Cunningham stated on the record her conclusion that appellant was in contempt of the support order and her intention, if the ordered sum was not paid within two weeks, to impose a sentence of imprisonment. However, these statements were never effectuated by order of court and, indeed, the order which Judge Cunningham actually entered at the conclusion of the hearing delayed even a formal finding of contempt until the two week period had elapsed without payment being made. As our rules of appellate procedure render appealable only determinations which have been entered as orders or judgments on the appropriate docket, Pa.R.A.P. 301, it is clear that Judge Cunningham's statements of her intentions in this matter cannot render final and appealable an otherwise interlocutory order.