J-A25002-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| GINA APPLEGATE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM APPLEGATE, | : | |
| | : | |
| Appellant | : | No. 3143 EDA 2014 |

Appeal from the Order entered October 1, 2014,
Court of Common Pleas, Delaware County,
Civil Division at No. 000644-2010

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED SEPTEMBER 30, 2015**

William Applegate ("Father") appeals from the October 1, 2014 judgment entered by the Delaware County Court of Common Pleas.  The appeal challenges the trial court's March 10, 2014 order finding Father in contempt for failing to pay $4062.19, representing one half of the counsel fees for the attorney appointed to represent his children, as he was required pursuant to the trial court's July 14, 2011 order.  For the reasons that follow, we affirm.

The record reflects the following relevant facts and procedural history.  Father and Gina Applegate ("Mother") divorced on September 27, 2010.  The parties have two minor children, T.A. (born October 1998) and D.A. (born April 2003) (collectively, "the children").  A contentious custody battle ensued.  On June 24, 2011, Father filed a petition seeking the appointment

_____

*Former Justice specially assigned to the Superior Court.

of a guardian ad litem ("GAL") for the children based upon his concern that their voices were not being heard by the trial court. Mother staunchly opposed the appointment of a GAL because of the added expense to what was already a costly endeavor. The trial court heard argument from both parties and took the matter under advisement. On July 14, 2011, it issued an order that it believed to be "the middle ground" between the two positions, appointing Katheryn Meloni, Esquire ("Attorney Meloni") as legal counsel (not as GAL) to represent the legal interests of the children, but providing her access to the children's medical, educational, and mental health records. *See* N.T., 7/6/11, at 54; Trial Court Order, 7/14/11. It further ordered that Attorney Meloni would charge a reduced rate of $220 per hour, with her counsel fees divided evenly between Mother and Father. Neither party filed an appeal from that order.

On September 12, 2012, Father filed a counseled petition to remove Attorney Meloni as counsel for the children, raising numerous concerns regarding her representation of the children. On September 25, 2012, Attorney Meloni filed a petition seeking both a psychiatric evaluation for Father and payment of Father's portion of her counsel fees. Father filed preliminary objections to Attorney Meloni's petition on October 4, 2012. The trial court restyled his preliminary objections as a motion to strike and granted the motion on November 13, 2012.

In the meantime, on November 2, 2012, Attorney Meloni filed a separate petition seeking to hold Father in contempt for failing to pay his portion of her counsel fees as required by the July 14, 2011 trial court order. On December 6, 2013, nine months after the trial court permitted his counsel to withdraw, Father filed a pro se response to Attorney Meloni's petition, averring, in relevant part, that unspecified fees were "for services provided outside the very specific and narrow scope of the [o]rder of appointment of which Father will have no legal responsibility." Defendant's Response to Katheryn Meloni, Esquire's Petition for Counsel Fees Against Father, 12/6/13, ¶ 10. Father also included in his response a new matter and counterclaim, wherein he averred that "it was agreed by [a]ttorneys for [] Father and Mother that [Attorney Meloni] would be appointed for the children for no more than four (4) hours," citing to a letter sent from Mother's counsel to the trial court, and further requested that the trial court terminate Attorney Meloni's role as counsel for the children. *Id.* at 3.

The trial court held a hearing on Attorney Meloni's petition on December 9, 2013. Neither party presented any witnesses, and Father raised no argument in support of his request to have Attorney Meloni removed as counsel for the children. On March 10, 2014, the trial court filed an order finding Father in contempt of its July 14, 2011 order based upon his failure to pay his portion of Attorney Meloni's counsel fees and requiring him

to pay the outstanding fees owed of $4062.19 within twenty days of the order.

On April 4, 2014, Father filed a pro se notice of appeal from the trial court's order finding him in contempt. On May 1, 2014, this Court issued a Rule to Show Cause, directed at Father, stating the following:

> This order does not appear to be appealable. Indeed, although the trial court found [Father] in contempt, it does not appear that sanctions were imposed. Instead, the trial court appears to have directed specific performance of its July 14th order, directing [Father] to pay [his] portion of the fee owed [Attorney] Meloni for representing the children in the custody matter in the amount of $4,062.19. **See Richardson v. Richardson**, 774 A.2d 1267 (Pa. Super. 2001) (adjudication of contempt, with a directive to specifically perform, without sanctions, is interlocutory and not appealable); **Genovese v. Genovese**, 550 A.2d 1021 (Pa. Super. 1988) (an order of contempt is final and appealable when the order contains a present finding of contempt and imposes sanctions).
>
> Accordingly, [Father] is directed to show cause within ten (10) days of the date of this order as to why this appeal should not be quashed.

Order, 5/1/14. Father filed an answer on May 13, 2014, asserting that although the March 10, 2014 order found him in contempt of the June 14, 2011 order for failing to pay his portion of Attorney Meloni's fees, the appeal challenges the propriety of the fees charged by Attorney Meloni. Nonetheless, on August 13, 2014, Father filed a praecipe to discontinue the appeal.

- 4 -

On October 1, 2014, Attorney Meloni filed a praecipe for the entry of judgment on the March 10, 2014 order. On October 14, 2014, Father filed another petition to terminate Attorney Meloni's representation of the children. On October 30, 2014, Father filed a notice of appeal from the entry of judgment on the March 10, 2014 order. He complied with the trial court's order by filing a concise statement of errors complained of on appeal ("1925(b) statement"). Thereafter, the trial court filed a written opinion pursuant to Pa.R.A.P. 1925(a).

Prior to addressing the substantive issues raised by Father on appeal, we must determine whether we have jurisdiction to do so. The trial court states that because its contempt order did not impose sanctions, instead ordering specific performance of its July 14, 2011 order, the March 10, 2014 order (and the October 1, 2014 judgment pertaining to that order) is interlocutory. Trial Court Opinion, 12/23/14, at 6. Father does not address this contention in his brief on appeal.

The trial court is correct that an order finding a party in contempt that does not impose sanctions is interlocutory, leaving this Court without jurisdiction to entertain the appeal. *See Genovese v. Genovese*, 550 A.2d 1021, 1022 (Pa. Super. 1988). This is because without the imposition of sanctions, the party "has yet to suffer harm or penalty." *Sonder v. Sonder*, 549 A.2d 155, 160 (Pa. Super. 1988), *superseded by statute on other grounds as stated in Sinaiko v. Sinaiko*, 664 A.2d 1005 (Pa. Super.

- 5 -

1995).  In the trial court's March 10, 2014 order, however, while the trial court found Father in contempt of the July 14, 2011 order because of his failure to pay his half of Attorney Meloni's fees and did not impose any separate sanctions, the July 14, 2011 order did not specify the exact amount Father was expected to pay.  Father does not contest that he was responsible for paying half of Attorney Meloni's fees, but challenges, in part, the propriety of Attorney Meloni's actions and billing therefor.[1]  Under this scenario, the requirement that Father specifically perform under the July 14, 2011 order and pay $1062.19 (one-half of the entire bill of Attorney Meloni) is, in essence, a sanction.  Therefore, Father is entitled to challenge the trial court's decision on appeal.

We now turn to the issues raised by Father on appeal, which we have reordered for ease of disposition:

> The trial court, in granting the petition for attorney's fees for [Attorney] Meloni, erred by:
>
> a. Failing to provide proper guidance for [Attorney] Meloni as attorney for the children, causing the case to spiral out of control[;]
>
> b. Failing to scrutinize [Attorney] Meloni's actions thereby fostering an environment in which the attorney for the child acted not as a neutral voice for the children but as a third antagonist in an already divisive case[;]

---

[1]  As we discuss infra, several of the issues Father raises on appeal are outside the scope of the March 10, 2014 order and are not properly before this Court in this appeal.

>       c. Failing to properly oversee the litigation and
>          seemingly encouraging it to become muddled and
>          unwieldy[;]
>
>       d. The [trial c]ourt abused its discretion in refusing
>          to list [Father's] request for the removal of
>          [Attorney] Meloni as counsel for the children, as
>          well as refusing to this day to list [Attorney]
>          Meloni's petition for removal.
>
>       e. Determining that Father was liable for the totality
>          of the affidavit of billing submitted by [Attorney]
>          Meloni[;] and[]

Father's Brief at 7.

The first four issues raised by Father on appeal assail the trial court's general handling of the case. Father contends that the trial court should have been more specific when fashioning its July 14, 2011 order; failed to "reign in" Attorney Meloni's "overzealous representation" of T.A.; failed to recognize that Attorney Meloni was not representing the interests of D.A. and that there was a conflict of interest in her representing both children; "allow[ed] and even encourage[d] ex-parte communication between the [trial c]ourt and the three attorneys"; and failed "to list [Father]'s request for the removal of [Attorney] Meloni as counsel for the children, as well as refusing to this day to list [Attorney] Meloni's petition for removal." Father's Brief at 18-29, 32-33. These issues fall far outside the scope of the March 10, 2014 order.[2] The only matter before the trial court at the December 9,

---

[2]   Furthermore, apart from citation to the Rules of Professional Conduct, Father fails to support any of these arguments with citations to any

2013 hearing was Attorney Meloni's petition for counsel fees. *See* N.T., 12/29/13, at 3. Although Father raised a new matter in response to Attorney Meloni's petition, seeking her removal from the case, Father did not raise this at the hearing and called no witnesses at that time.[3] As such, these issues are not properly before this Court in this appeal.

The final issue raised by Father challenges the trial court's finding that he was responsible for paying the full amount of the bill submitted by Attorney Meloni. Father's Brief at 29-32. He contends that "certain aspects of the bill should be stricken as they were fees for hearings and filings which were dismissed by the judge as without merit." *Id.* at 29. He specifies that because Attorney Meloni's petition seeking a psychiatric evaluation for Father was stricken by the trial court, requiring Father to pay for costs associated with that filing "essentially placed the cost of litigation on the prevailing party, a concept which is anathema to the principles of law regarding the awarding of attorney's fees." *Id.* at 30. Father further asserts that the trial court should not have granted Attorney Meloni's petition because she failed to produce her original bill in violation of the best evidence rule. *Id.* at 31-32.

---

authority. This is a clear violation of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a)-(b).

[3] Notably, at the conclusion of the December 9, 2013 hearing, Father made several request of the trial court in advance of its ruling on Attorney Meloni's petition, but he did not request Attorney Meloni's removal as counsel for the children. N.T., 12/9/13, at 44-45.

The trial court asserts that Father's arguments are waived, as Father failed to raise any specific arguments below in opposition to the charges included on Attorney Meloni's bill. Trial Court Opinion, 12/23/14, at 5. Furthermore, the trial court asserts that Father's 1925(b) statement was vague and lacked specificity, which also results in waiver. *Id.* at 5-6.

Our review of the record supports the trial court's conclusions. At the December 9, 2013 hearing, Father did not object with specificity to any of Attorney Meloni's charges, instead stating, "I would call into question the veracity of anything on Ms. Meloni's bill in regards to how it pertains and whether it's covered under the Order of Appointment." N.T., 12/23/13, at 43. The trial court attempted to discern the precise fees to which Father objected, stating, "Well, sir, you can't make blanket statements like that. If you have specifics, I'll listen to specifics." *Id.* at 44. Father did not provide a response.

Furthermore, Father's 1925(b) statement does not include any specificity that would alert the trial court to the challenged fees. Father's 1925(b) statement recites, in relevant part:

> The trial court, in granting the petition for attorney's fees for Kathryn A. Meloni, Esquire, erred by:
>
> a. Concluding that Attorney Meloni's fees were justified over [Father]'s objections that the fees were outside the scope of the [trial court]'s [o]rder:

1. Attorney Meloni's invoice included fees for frivolous petitions,

2. Attorney Meloni's invoice included fees for petitions which she did not have standing to file,

3. Attorney Meloni's invoice included fees for representation which was in conflict with the interest of her client[,] [D.A.],

4. Attorney Meloni's invoice included fees for representation for which only [Mother's attorney] had standing thereby requiring [Father] to pay attorney's fees for [Mother] without an [o]rder of [c]ourt requiring [Father to pay said fees[,]

5. Attorney Meloni's invoice included fees for representation the sole purpose of which was retaliation against [Father] for exercising his parental rights[,]

6. Attorney Meloni's invoice included fees for representation based solely on the whims of one of her minor clients thereby demonstrating a breach of her duty to counsel and advise her clients against frivolous and unfounded litigation[,]

7. Attorney Meloni's invoice included fees for litigation and negotiation of issues which had been specifically ruled against in prior litigation by [the trial court].

1925(b) Statement, 4/28/14, ¶ 1(a).

The law is clear: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Further, a 1925(b) statement must "concisely identify each ruling or error that the

appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "[A] [1925(b) statement] which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [1925(b) statement] at all." **Lineberger v. Wyeth**, 894 A.2d 141, 148 (Pa. Super. 2006); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues ... not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

The arguments Father raises in support of this issue on appeal were not raised below and were not included with the requisite specificity in his 1925(b) statement. We therefore agree with the trial court that he waived review of this claim.

Order affirmed.

Fitzgerald, J. joins the Memorandum.

Mundy, J. concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015

- 11 -