J-S63030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.A.S.G., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| A.M.B., | |
| Appellee | No. 795 EDA 2016 |

Appeal from the Order March 10, 2016
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 0-C-0913919

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                 **FILED AUGUST 25, 2016**

L.A.S.G. ("Caretaker"), who is a third-party caretaker of Z.K.M. ("Child") (born in November of 2008), appeals from the order entered March 10, 2016, that denied the petition to modify custody filed by Caretaker on April 23, 2015, and found Caretaker in civil contempt for failing to comply with a direct order of court.  Order, 3/10/16, at 1.  In its Pa.R.A.P. 1925(a) opinion, the trial court requests that we quash the appeal as it was taken from an interlocutory order.  Trial Court Opinion, 5/4/16, at 8.  The trial court states that it did not enter a final order in the underlying custody action and that it intended to hold a full hearing on whether it is in the best interests of Child for Caretaker to continue to have partial physical custody.

_____

[*] Former Justice specially assigned to the Superior Court.

*Id.* Indeed, the March 10, 2016 order scheduled a hearing for May 17, 2016, on this matter.

In *G.B. v. M.M.B.*, 670 A.2d 714 (Pa. Super. 1996), we stated that, in reviewing a custody order for finality, we consider not only the language of the particular order, but also the point in the proceedings at which the order is entered and the intended effect of the order upon further proceedings between the parties. *Id.* at 718. Citing *G.B.*, the trial court reiterated that it had intended to hold a hearing to receive additional testimony and evidence pertaining to the merits of the outstanding custody petitions. Trial Court Opinion, 5/4/16, at 8-9. The trial court explained that the testimony from the therapist involved in the reunification of Child with her mother is crucial to the merits of the claims before it, and that testimony is not yet in the record. *Id.* Thus, we agree that the March 10, 2016 order was not final and appealable regarding issues of custody.

Further, while the appealed order found Caretaker in civil contempt, it did not impose sanctions. In fact, the order canceled the contempt hearing previously scheduled and indicated that the consolidated matter was relisted for consideration at the May 17, 2016 hearing. Thus, the order is not appealable on this basis. *See Genovese v. Genovese*, 550 A.2d 1021, 1022 (Pa. Super. 1988) ("unless sanctions are imposed, an order declaring a party in contempt is interlocutory."); *Rhoades v. Pryce*, 874 A.2d 148, 151 (Pa. Super. 2005) (*en banc*) ("for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the

alleged contemnor, and no further court order be required before the sanctions take effect.").

Accordingly, we quash the appeal and remand the matter to the trial court for further proceedings.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2016