J-A22017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.G. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| C.G. | : | |
| | : | |
| | : | No. 1940 MDA 2015 |

Appeal from the Order Entered October 8, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2011-CV-04775-CU

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 03, 2016**

N.G. (Father) appeals *pro se* from the order entered October 8, 2015, in the Court of Common Pleas of Dauphin County, which found C.G. (Mother) in contempt of the parties' custody orders, but declined to impose sanctions. After careful review, we quash the appeal.

The trial court summarized the extensive factual and procedural history of this matter as follows.

> The parties [Father] and [Mother] were formerly married and are the parents of one daughter, E.G. [(Child)] (DOB 9/2010). They separated on April 30, 2011, following an incident of domestic abuse committed by Father. . . .

\*\*\*

On April 10, 2015, [F]ather filed a petition for contempt and modification of the custody order.[1] He sought to hold [M]other in contempt for not providing contact information for the daycare/babysitter chosen by [M]other as of August 2014, not initiating phone calls to him over a forty-day period while he was in India, refusing to make the child available to attend his wedding in India, not telling [F]ather the child was enrolled in dance class or inviting him to a class performance, and refusing to make the child available for his previously scheduled weeklong vacation from April 25 through May 1, 2015. He [also] sought to modify custody to alternating weeks or a 4-3-3-4 schedule. While that petition was pending [F]ather filed, on April 16, 2015, an emergency petition for special relief raising issues of his vacation time not being honored, and other *de minimis* issues about the child's dental care and daycare. On April 17, 2015, the late Hon. Bernard Coates denied his petition because it raised no emergency claims. Undeterred, [F]ather filed another emergency petition for special relief [on] April 27, 2015, which Judge Coates denied April 28, 2015, due to lack of any emergency and directed the matter be scheduled through our normal custody conciliation procedure[.] . . .

On July 28, 2015, [F]ather filed three more petitions/applications that were assigned to [the trial court]: (1) a petition for contempt and modification seeking to hold [M]other in contempt for failing to exchange custody on July 18, allegedly preventing him from having the child for a previously scheduled week-long vacation and again seeking to change the physical custody schedule to alternating weeks or a 4-3-3-4 schedule; (2) an emergency petition for special relief seeking that the child spend rescheduled vacation time with him; and (3) an application for emergency relief seeking that the child be enrolled in private Kindergarten.

---

[1] Father requested modification of the order entered November 17, 2011, as previously modified by orders entered April 30, 2013, and November 25, 2014. These orders awarded Mother primary physical custody of Child and awarded Father partial physical custody of Child. In addition, the orders awarded Mother sole legal custody with respect to all decisions regarding Child's education and daycare, and awarded the parties shared legal custody with respect to all other decisions.

Father's petition for contempt and modification was scheduled for conciliation [on] August 5, 2015, to be heard along with [F]ather's April 10, 2015 petition for contempt and modification. Concerning the emergency petition for special relief (vacation time), following a telephone conference, [the trial court] issued an order [on] July 29, 2015, granting [F]ather's request for rescheduled vacation time with the child from August 1-8, 2015. . . .

Conciliation failed to resolve the issues raised by [F]ather in his April 10 and July 28, 2015 contempt and modification petitions, and thus, [the trial court] scheduled a hearing on October 8, 2015. Before that hearing could be held, [F]ather filed a third contempt petition September 8, 2015, claiming [M]other had willfully violated Paragraph 10 of the initial custody order by not asking [F]ather if he wanted to take care of the child when her school is closed. As noted above, Paragraph 10, concerning custody arrangements when the daycare is closed / babysitter contact information, was stricken in its entirety from the custody order by [the Honorable Scott] Evans [on] November 25, 2014.

\*\*\*

The October 8, 2015 hearing proceeded but was limited to contempt allegations filed by [F]ather; it did not address [F]ather's requests for modification of the custody orders. . . .

Trial Court Opinion, 1/8/2016, at 1-7 (footnote omitted).

Following the hearing, the trial court entered the order complained of on appeal, in which it found that Mother was "technically in contempt" of the parties' custody orders, but that Mother's contempt was minor, and did not warrant the imposition of sanctions. Order, 10/8/2016. **See also** Trial Court Opinion, 1/8/2016, at 13 ("None of these technical violations warranted the imposition of sanctions. Instead, all were either *de minimis* or excusable under the circumstances."). Father filed a petition for reconsideration on

- 3 -

November 3, 2015, which the court denied. Father timely filed a notice of appeal.[2]

Father now raises the following issues for our review.

[1.] Is it essential for the trial court to find a defendant guilty of contempt and impose sanctions for the Plaintiff to be allowed to file an appeal?

[2.] Did the trial court abuse its discretion by not imposing sanctions even though it found the defendant to have violated its custody order on more than a few occasions?

[3.] Did the trial court abuse its discretion by abruptly ended [*sic*] the hearing without allowing the Plaintiff to cross examine the Defendant after she concluded her testimony?

[4.] Since the hearing was convened to address Defendant's contempt, did the trial court abuse its discretion by addressing other custody issues without prior notice to Plaintiff and even though an appeal was pending in the Appellate court?

Father's brief at 6 (suggested answers omitted).

Before reaching the merits of Father's challenge to the October 8, 2015 order, we must first consider whether the order was appealable. "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken

---

[2] Father violated Pa.R.A.P. 1925(a)(2)(i) by failing to file a concise statement of errors complained of on appeal at the same time as his notice of appeal. However, both this Court and the trial court entered orders directing Father to file a concise statement. Father timely complied with both orders by filing a concise statement on November 30, 2015. We have accepted Father's concise statement pursuant to **In re K.T.E.L.**, 983 A.2d 745, 748 (Pa. Super. 2009) (holding that an appellant's failure to comply strictly with Pa.R.A.P. 1925(a)(2)(i) did not warrant waiver of her claims, as there was no prejudice to any party).

from an appealable order.'" ***Gunn v. Automobile Ins. Co. of Hartford, Connecticut***, 971 A.2d 505, 508 (Pa. Super. 2009) (quoting ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2000)). "An appeal lies only from a final order, unless permitted by rule or statute." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. ***See*** Pa.R.A.P. 341(b).

Here, the trial court indicates that this Court lacks jurisdiction over Father's appeal, because the October 8, 2015 order did not impose sanctions on Mother. ***See*** Trial Court Opinion, 1/8/2016, at 1 n.1. The trial court quotes a portion of an order entered by this Court on December 1, 2015, directing Father to show cause as to why his appeal should not be quashed. In the order, we cited ***Genovese v. Genovese***, 550 A.2d 1021 (Pa. 1988), and ***Rhoades v. Pryce***, 874 A.2d 148 (Pa. Super. 2005), for the proposition that a contempt order does not become final unless sanctions are imposed.

In response, Father argues that ***Genovese*** and ***Rhoades*** are distinguishable from the instant matter. ***See*** Father's brief at 12-13. Father observes that the appellants in those cases were also contemnors, while in this case the contemnor is Mother, the appellee. According to Father, "[t]he party appealing is as important as the order being appealed." ***Id***. at 13. Father further asserts that the subject order must be appealable, because otherwise he would have no way of challenging the trial court's decision not to impose sanctions on Mother. ***See id***.

After carefully examining the record in this matter, we agree with the trial court that the October 8, 2015 contempt order is not final and appealable. While Father attempts to distinguish the facts of the instant matter from *Genovese* and *Rhoades*, his argument finds no support in Pennsylvania law. Contrary to Father's assertions, this Court has held *consistently* that it is the existence or nonexistence of sanctions, and not the identity of the appellant or appellee, that determines whether an order of contempt is final. *See*, *e.g.*, *Rhoades*, 874 A.2d at 151 ("Generally, an order finding a party in contempt is interlocutory and not appealable unless it imposes sanctions."); *Wolanin v. Hashagen*, 829 A.2d 331, 332 (Pa. Super. 2003); *Foulk v. Foulk*, 789 A.2d 254, 257 (Pa. Super. 2001) (*en banc*) (collecting cases).

Additionally, we observe that the October 8, 2015 order is not appealable pursuant to the collateral order doctrine. *See* Pa.R.A.P. 313(a). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

In this case, the October 8, 2015 order fails to satisfy both the second and third prongs of the collateral order doctrine. With regard to the second prong of the collateral order doctrine, it is clear that Father does not have a "right" to have Mother sanctioned for *de minimis* or otherwise excusable acts of contempt, let alone a "right . . . too important to be denied review." With

regard to the third prong of the collateral order doctrine, Father is not precluded from filing an additional petition for contempt if he believes that Mother again fails to comply with the trial court's orders. Further, in the event that the trial court enters a final custody order in this matter, and Father believes that the court failed to account for Mother's contempt when making its award of custody, Father will be able to appeal and raise the issue at that time.

Accordingly, the subject contempt order is not a final order, nor is it appealable as a collateral order.[3] We are without jurisdiction to address Father's claims, and the appeal must be quashed.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/3/2016

---

[3] We observe also that the order is not an interlocutory order appealable as of right, pursuant to Pa.R.A.P. 311, and that Father did not attempt to bring this appeal before this Court as an interlocutory appeal by permission pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702.