J-S24029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.R.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B.M.S. | : | |
| | : | |
| Appellant | : | No. 1809 WDA 2016 |

Appeal from the Order October 28, 2016
In the Court of Common Pleas of Butler County
Civil Division at No:  FC No. 09-90607-C

BEFORE:   PANELLA, STABILE, JJ., and STEVENS,[*] P.J.E.

JUDGMENT ORDER BY STABILE, J.:                    **FILED JUNE 1, 2017**

B.M.S. ("Mother"), appeals from the October 28, 2016 order which found her in contempt of the trial court's orders and directives regarding custody of her minor daughters, N.S. and I.S. ("the children"), and directed her to immediately provide to C.R.S. ("Father") all information concerning counseling recommendations and treatment plans for the children.  We quash the appeal as interlocutory and unreviewable.

> Unless sanctions are imposed, an order declaring a party in contempt is interlocutory.  Unless the order of contempt is final, this Court lacks jurisdiction to entertain the appeal.  A threat to hold a party in contempt at some future time if a decree is not performed or a threat to impose sanctions in the future is neither final nor appealable.

---

[*] Former Justice specially assigned to the Superior Court.

*Genovese v. Genovese*, 550 A.2d 1021, 1022-1023 (Pa. Super. 1988) (citations omitted). The imposition of counsel fees serves as a sanction. *Rhoades v. Pryce*, 874 A.2d 148, 153 (Pa. Super. 2005) (*en banc*).

Instantly, the trial court found Mother in contempt but did not impose sanctions. Rather, the order provided, "If [Mother] fails to release said information, in the future the [c]ourt reserves the right to impose counsel fees for this matter as well as any additional noncompliance with the Butler County Custody Policies." Order, 10/28/16.

Because the order threatened to impose sanctions in the future if Mother fails to provide Father with the children's counseling recommendations and treatment plans, it is neither final nor appealable. *Genovese*, *supra*. As such, we are without jurisdiction to hear this appeal. Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2017