J. A16045/17

2017 PA Super 311


K.M.G.                                          :       IN THE SUPERIOR COURT OF
                                               :              PENNSYLVANIA
                    v.                         :
                                               :
H.M.W.,                                        :       No. 116 WDA 2017
                                               :
              Appellant                        :


Appeal from the Order, December 14, 2016,
in the Court of Common Pleas of Clearfield County
Civil Division at No. 2011-1215-CD


BEFORE:  STABILE, J., FORD ELLIOTT, P.J.E., AND STRASSBURGER, J.*


DISSENTING OPINION BY FORD ELLIOTT, P.J.E.: FILED SEPTEMBER 29, 2017

       I must respectfully dissent.   I conclude that the trial court's

December 14, 2016 order is not a final, appealable order.  Consequently, I

would quash this appeal.

       The Majority recognizes that this "Court has often stated that 'an order

of contempt is not appealable if sanctions were not imposed.'" N.A.M. v.

M.P.W., ___ A.3d ___, 2017 WL 3378878, at *3 (Pa.Super. January 3,

2017), citing Takosky v. Henning, 906 A.2d 1255, 1258 (Pa.Super. 2006);

Genovese v. Genovese, 550 A.2d 1021, 1022-1023 (Pa.Super. 1988).

Nevertheless, while citing cases that list the long-existing precedent that

_____

* Retired Senior Judge assigned to the Superior Court.

support this principle, the Majority finds the facts of this case distinguishable. I cannot agree.

The Majority first reasons that the trial court's December 14, 2016 contempt order is a final, appealable order pursuant to Pa.R.A.P. 341(a) as disposing of all claims and all parties because the contempt matter was the only matter pending on the docket at the time the trial court entered that order. Specifically, the trial court conducted a hearing on the contempt matter prior to entering the December 14, 2016 contempt order; the trial court entered the December 14, 2016 contempt order with a direct finding that Mother was in contempt; and the text of the December 14, 2016 contempt order indicates that the court contemplated no further proceedings or orders regarding the matter.

Under the long-established case law in this Commonwealth, however, these reasons are insufficient to sustain the finality and appealability of the December 14, 2016 contempt order. Moreover, because contempt proceedings are usually stand-alone enforcement proceedings of previously entered orders, such reasoning would render most, if not all, contempt orders final and appealable without any need for a determination of sanctions. This is clearly in conflict with numerous other cases that hold otherwise.

In Rhoades v. Pryce, 874 A.2d 148 (Pa.Super. 2005) (en banc), this court reaffirmed long-standing precedent that:

> "[a]n appeal may be taken only from a final order, unless otherwise permitted by rule or statute." Hoffman v. Knight, 823 A.2d 202, 205 (Pa.Super.2003); Pa.R.A.P. 341(a), 42 Pa.C.S.A. Generally, an order finding a party in contempt is interlocutory and not appealable unless it imposes sanctions. Wolanin v. Hashagen, 829 A.2d 331, 332 (Pa.Super.2003).

Id. at 151.

In Rhoades, following a finding of contempt for Wife's failure to sign necessary insurance forms when ordered to do so, the trial court directed Wife to sign the forms and imposed attorney's fees. The question before us was whether the imposition of counsel fees was a sufficient sanction to make the contempt order final and appealable. We decided that the award of attorney's fees was sufficient in that it was both coercive and compensatory. Id. at 152-153, citing, among other cases, Mrozek v. James, 780 A.2d 670, 674 (Pa.Super. 2001) (reiterating that "[s]anctions for civil contempt can be imposed for one or both of two purposes: to compel or coerce obedience to a court order and/or to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance with a court order.").

As addressed in another en banc decision of this court, Sonder v. Sonder, 549 A.2d 155 (Pa.Super. 1988) (en banc), the sanction must represent a penalty for the contemptuous behavior, and not merely a direction to do that which was ordered. In Sonder, we concluded that our only course was to quash the appeal because "while a finding of contempt

was entered and an Order of specific performance imposed, no sanctions were imposed, therefore, this Court is powerless to grant appellant relief on that Order since he has yet to suffer harm or penalty." Id. at 160. Instantly, the trial court specifically stated that it was not imposing sanctions for Mother's contemptuous conduct, and therefore, I cannot find that the present order constitutes a final, appealable determination.

In addressing an alternate basis for appealability, the Majority determines that notwithstanding the trial court's statement that it did not order sanctions, it clearly did just that because it ordered family counseling and any attendant costs associated therewith.

As noted above, the purpose of civil contempt proceedings is remedial. See Lachat v. Hinchliffe, 769 A.2d 481, 488 (Pa.Super. 2001). Civil contempt sanctions are employed to coerce the contemnor into compliance with the court's order and, in some cases, to compensate the complainant for losses sustained. See id.

Here, Mother was found in contempt of the trial court's orders of January 22, 2016 and April 29, 2016. The latter order rescinded the trial court's March 24, 2015[1] order regarding Father's partial custody and reinstated the trial court's January 22, 2016 order. The January 22, 2016 order directed Mother and Father to utilize the Child Access Center located in

---

[1] I note that a typographical error appears in the first paragraph of the order, which indicates that the order was entered on March 24, 2015, as opposed to March 24, 2016.

Bellefonte, Pennsylvania, to facilitate Father's periods of custody and Father's transition to unsupervised periods of partial custody. (Trial court order, 1/22/16.) In addition to the trial court specifically stating in the order before us that "no sanctions shall be imposed at this time," the trial court directed Mother, Father, and the minor child to attend family counseling. (Trial court contempt order, 12/14/16.) The Majority fails to explain how an order directing Mother, Father, and the minor child to attend family counseling equates to a sanction imposed upon Mother to punish her for her failure to comply with the prior order or to coerce her to utilize the Child Access Center to facilitate Father's periods of custody. Clearly, the trial court imposed no sanction on Mother, but rather sought to facilitate a better relationship between Mother and Father in order to facilitate the custody order and serve the best interest of the minor child.

Consequently, I would find that the contempt order at issue is neither final nor appealable. Therefore, I would quash this appeal.