J-A05010-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| LOUANN M. MERGL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID KILLA, ANITA H. CHURLIK | : | No. 542 WDA 2019 |
| AND MERCER COUNTY COMMUNITY | : | |
| FEDERAL CREDIT UNION | : | |

Appeal from the Order Entered March 18, 2019
In the Court of Common Pleas of Mercer County Civil Division at No(s):
No. 2014-03528

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    FILED MAY 27, 2020

Louann M. Mergl ("Appellant"), appeals from the March 18, 2019 order

entered in the Court of Common Pleas of Mercer County that issued sanctions

against Appellant in connection with a motion to compel discovery filed by

David Killa, Anita H. Churlik, and Mercer County Community Federal Credit

Union ("Appellees").   After careful review, we are constrained to quash this

appeal.

This matter arises from a civil action initiated by Appellant, on November

19, 2014, against Appellees for wrongful discharge.[1]    Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mercer County Community Federal Credit Union ("Credit Union") is
Appellant's former employer.  At the time of Appellant's employment, David
Killa held the title of Manager/CEO of the Credit Union, and Ms. Churlik was a
supervisor at the Credit Union.

terminated from her position at the Credit Union after being employed there from October 1, 2006 to January 10, 2011. In her complaint, Appellant raised claims of age discrimination, disability discrimination, and retaliation under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. On August 30, 2017, Appellees filed a motion for summary judgment, in which they argued, inter alia, that Appellant failed to timely avail herself of the statutory remedies under the PHRA.[2] Appellant filed a brief in opposition, in which she maintained that her complaint was timely filed with the PHRC before July 11, 2011. The trial court found that there was no genuine issue of material fact regarding the untimeliness of her PHRC filing and, thus, granted Appellees' motion for summary judgment. This decision was reversed and remanded on a prior appeal to this Court at No. 1899 WDA 2017, by order entered October 31, 2018.

On remand, the trial court held a status conference, set a discovery deadline of February 28, 2019, and placed the case onto the May 2019 civil trial term. Trial Court Opinion ("TCO"), 6/6/19, at 1 n.1. The trial court provided a summary of the proceedings that followed:

> Appellee[s] served Appellant's attorney with supplemental interrogatories and requests for production of documents on December 19, 2018. However, since the discovery deadline was

_____

[2] To bring a suit under the PHRA, the plaintiff must first file an administrative complaint with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the alleged discrimination. 43 P.S. §§ 959(a), (h); § 962. Appellant filed an administrative complaint with the PHRC; however, the exact filing date was in dispute. The trial court believed she filed it on December 12, 2011. The PHRC dismissed her complaint on November 19, 2012.

quickly approaching and Appellant had failed to respond to discovery, Appellee[s] filed a motion to compel discovery on February 25, 2019[,] that was scheduled to be heard at motions court on March 4, 2019. Appellant's attorney, who is her son, agreed with Appellee[s'] attorney to produce the discovery responses by March 8, 2019[,] and the motion to compel was withdrawn without the parties having to appear at motions court. Unfortunately, this discovery material was not received by Appellee[s'] attorney by the March 8, 2019 promised deadline, so Appellee[s] filed a second motion to compel on March 18, 2019. In addition to an order compelling discovery, Appellee[s] also sought attorney[s'] fees as a sanction in the amount of $750.00. Notably, Appellee[s'] counsel is located in Pittsburgh[,] which is a little over an hour drive from the Mercer County Courthouse.

Appellant's attorney filed a response to the motion to compel that was submitted to the court on March 18, 2019[,] when the attorneys appeared to argue their positions. Appellant's attorney also submitted a new matter to prevent the hearing of the motion[,] arguing both that [the motion] had been submitted untimely and [that it] failed to include a certification by Appellee[s] of an attempt to confer with opposing counsel to resolve the matter without court interaction[,] as required by local rules. Appellant's attorney further asserts that he was having internet problems and that he had made several attempts to comply electronically with his agreed upon March 8th deadline[] but[,] due to transmission issues[,] he was unable. Notably, Appellant's attorney did not bring paper responses to the discovery request to give to Appellee[s'] attorney at motions court[,] nor [did he] fax them to her at any time. Finally, Appellant's attorney sought attorney[s'] fees of $1,000.00 for failure to follow local rules of court as a sanction.

The court spent significant time with the parties at the argument on the motion to compel on March 18, 2019.

TCO at 2-3 (unnecessary capitalization and citation to record omitted).

On that same day, the trial court entered an order denying Appellant's attorney's request for attorneys' fees in the amount of $1,000.00, and granting a sanction of $500.00 for attorneys' fees to Appellees' attorney. See Order, 3/18/19, at 1-2. On April 17, 2019, Appellant filed a timely notice of

appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant now raises the following sole issue for our review: "Did the [t]rial [c]ourt abuse its discretion and commit an error of law by awarding sanctions?" Appellant's Brief at 3.

Before addressing the merits of her claim, we must first determine the appealability of the order from which Appellant wishes to appeal. See Takosky v. Henning, 906 A.2d 1255, 1258 (Pa. Super. 2006) (noting "[t]he appealability of an order goes directly to the jurisdiction of the Court asked to review the order"). Following receipt of the appeal, we ordered Appellant to show cause why the appeal should not be dismissed. See Per Curiam Order, 5/15/19 (single page; citing Christian v. Pennsylvania Financial Responsibility Assigned Claims Plan, 686 A.2d 1 (Pa. Super. 1996) ("An appeal from an order imposing or denying sanctions is only permissible if the order constitutes a final order; an order is not 'final' unless it is one which ends litigation by putting a litigant out-of-court or disposing of the entire case.")).

Appellant timely complied by filing a response, in which she asserts that an order is final and appealable when it contains "a present finding of contempt and imposes sanctions."[3] See Response to Rule to Show Cause, 5/28/19, at 1 (single page) (citing In re K.K., 957 A.2d 298, 303 (Pa. Super.

_____

[3] Having received a response to the rule to show cause, this Court discharged the rule and allowed the appeal to proceed. No determination was made, however, as to the propriety of the appeal. Per Curiam Order, 6/6/19.

2008); Genovese v. Genovese, 550 A.2d 1021, 1022 (Pa. Super. 1988); Diamond v. Diamond, 792 A.2d 597, 600 (Pa. Super. 2002); Stahl v. Redcay, 897 A.2d 478, 487 (Pa. Super. 2006)).  Appellant also cites Stewart v. Foxworth, 65 A.3d 468, 470-71 (Pa. Super. 2013), for the proposition that "[a]n order imposing sanctions, including one that imposes sanctions on an attorney, is considered a final order and is therefore appealable."  Id. (citing Rhoades v. Pryce, 874 A.2d 148, 151 (Pa. Super. 2005)).  None of these cases is applicable in the instant matter, however, as they each involve orders finding a party in contempt.  Moreover, none of the foregoing cases cited by Appellant pertains to discovery sanctions.

Here, there was no finding of contempt by the trial court.  The March 31, 2019 order merely imposes sanctions on Appellant's counsel for a discovery violation.  See Pa.R.C.P. 4019(a)(1) (providing that a court may order sanctions if a party fails to answer discovery requests).  It is well-established that:

> An appeal to this Court is appropriate only if it is from a final order, unless otherwise specifically permitted by statute or rule. Jenkins v. Hospital of Medical College of Pennsylvania, … 634 A.2d 1099, 1102 ([Pa.] 1992).  Generally, an order granting or denying discovery sanctions in a [m]otion pursuant to Pa.R.C.P. 4019 is interlocutory in nature and[,] therefore[,] not typically subject to an appeal until the underlying case is completed. Bruno v. Elitzky, … 526 A.2d 781, 781 ([Pa.] 1987); Joyce & Associates v. Pivirotto, … 516 A.2d 763, 764 ([Pa. Super.] 1986) (discovery sanction orders not reviewable prior to final judgment in main action absent unusual circumstances).  An appeal may, however, lie from an order imposing or denying sanctions if the order constitutes a final order.  An order is not "final" unless it is one which ends litigation by putting a litigant

- 5 -

out-of-court or disposing of the entire case. Grove North America v. Arrow Lift & Construction Equipment Co., Inc., … 617 A.2d 369, 372 ([Pa. Super.] 1992).

Christian, 686 A.2d at 4.

Most discovery sanctions under Pa.R.C.P. 4019 govern the conduct of parties during pretrial discovery and, as in the instant matter, these sanctions are ordinarily imposed before final disposition of the underlying action. See id. (citing, e.g., Pa.R.C.P. 4019(a) (imposing sanctions for failure to serve sufficient answers to interrogatories, respond to request for production, or appear at deposition)). Christian, on the other hand, involved sanctions under Rule 4019(d).[4] Because it is implicit in subdivision (d) that a party file a motion for sanctions only after a trial and entry of a verdict or decree, see id.; Goodrich-Amram 2d § 4019(d):4 at 625, a motion for sanctions pursuant to Rule 4019(d) occurs after the completion of the underlying action. Because of its very nature, the motion for sanctions in Christian resulted in the issuance of an order denying sanctions, upon which litigation was concluded and the parties were out-of-court. Thus, the Christian Court determined that the order was final and appealable. Id.

It is clear that the March 31, 2019 order in the instant matter did not put an end to the litigation and/or put Appellant out-of-court. A review of the trial court docket indicates that a pretrial conference is currently scheduled in

_____

[4] Pa.R.C.P. 4019(d) allows the court to enter an order imposing specific sanctions where a party fails to make a requested admission under Pa.R.C.P. 4014. "As a prerequisite for a motion [for sanctions] under this Rule, a party requesting admissions must first prove those matters at trial which the opposing party failed to admit as requested." Christian, 686 A.2d at 4.

the underlying action, and has merely been postponed pending resolution of this appeal. Accordingly, we are compelled to conclude that Appellant cannot appeal from the March 31, 2019 order, as it is interlocutory.[5] We must quash this appeal.

Appeal quashed. Jurisdiction relinquished. The prothonotary of this Court is hereby ordered to return the record to the trial court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/27/2020

---

[5] We note that Appellant's appeal does not fall within the confines of Pa.R.A.P. 311, related to interlocutory appeals as of right, nor does it constitute an interlocutory appeal by permission under Pa.R.A.P. 312. Likewise, the March 31, 2019 order is not a collateral order under Pa.R.A.P. 313, which relates to "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).