J-A27037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VASYL S. KOVALCHUK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YELENA V. KOVALCHUK | : | |
| | : | |
| Appellant | : | No. 712 MDA 2023 |

Appeal from the Order Entered May 4, 2023
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2016-03340

BEFORE:  LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY STEVENS, P.J.E.:     **FILED: NOVEMBER 21, 2023**

Yelena V. Kovalchuk appeals[1] ***pro se*** from the order entered on May 4, 2023, that found her in open, notorious, and willful violation of the trial court's September 30, 2022 order, but did not impose sanctions without the need for further court action.  Rather, the May 4th order directed Appellant to report for a sentencing hearing on May 16, 2023.[2]  Upon review of the record, we

---

[1] The record reflects that Appellant's ***pro se*** notice of appeal indicates that she purports to appeal from an order of the trial court entered May 15, 2023, **which is the date she filed her notice of appeal**, but she has attached the trial court's May 4, 2023 order (dated May 3, 2023) to her notice.  We have amended the caption accordingly.

[2] The trial court subsequently entered a sentencing order on May 16, 2023 that— due to the finding of contempt —mandated that Appellant pay a $500.00 fine and attorneys' fees and ordered her to undergo imprisonment for 6 months.

quash Appellant's appeal for the reasons set forth below and direct the Prothonotary to remove the above-captioned matter from the A27/23 argument panel.

A contempt order will be considered final and appealable when the order contains a present finding of contempt and imposes sanctions. *Genovese v. Genovese*, 550 A.2d 1021, 1022-23 (Pa.Super. 1988); *see also Foulk v. Foulk*, 789 A.2d 254, 257 (Pa.Super. 2001) (reiterating that for contempt order to be appealable, it is only necessary that order impose sanctions and no further court order be required before sanctions take effect); *Takosky v. Henning*, 906 A.2d 1255, 1255 (Pa.Super. 2006) (holding that an indirect criminal contempt order was not final and appealable because the order indicated that sentencing would be held at a future time, and, therefore, the punishment phase of matter had not yet been determined).

Here, we find that the trial court's May 4, 2023 order was interlocutory, as it did not impose sanctions, and therefore quash Appellant's appeal and direct the Prothonotary to remove the above-captioned matter from the A27/23 argument panel.[3]

Appeal quashed.

---

[3] In light of our disposition, we also deny Appellant's November 13, 2023 "Motion to Stay" her imprisonment and her "Motion to Appear by Video for Oral Argument" remotely from prison, as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/21/2023</u>