J-A17022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF SANDRA HOLLAND | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: JAMES HOLLAND | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1747 WDA 2017 |

Appeal from the Order Dated November 2, 2017
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 02-15-07705

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY OTT, J.: **FILED AUGUST 13, 2018**

James Holland appeals from the order entered November 2, 2017, in the Court of Common Pleas of Allegheny County, which denied his motion for judgment on the pleadings and found that his sister, Christine Stamper, has standing as a beneficiary to petition for his removal as executor of the estate of their mother, Sandra Holland ("Estate").[1] In that same order, the Orphans' Court nevertheless denied Stamper's petition for Holland's removal. Holland now complains the Orphans' Court erred in denying his motion for judgment on the pleadings, taking testimony on the issue of standing, and determining his sister had standing to file the Petition to Remove. Because the Petition to

---

[1] **See** 20 Pa.C.S. § 3182.

Remove was denied, we conclude Holland is not an aggrieved party, and dismiss the appeal.

Due to the present procedural posture of the case, we find the issue of Stamper's standing decided in the November 2, 2017, order, is not appealable.[2] Holland argues the issue is appealable under Pa.R.A.P. 342(5)[3] as the grant of standing confirms Stamper's status as a beneficiary under the Will. However, since Stamper's petition to remove him as executor was denied, he is no longer an aggrieved party.[4] Rather, we conclude the issue of whether Stamper is a beneficiary under the Will is more properly decided in other proceedings involving the Estate's administration, such as a declaratory judgment action to interpret paragraph 4 of the Will or objections filed to an account, to which Stamper would be entitled to notice of the filing as a potential beneficiary.

Since Holland was successful in defeating the petition to remove him as executor, we need not reach the issue of whether the Orphans' Court erred in

---

[2] **See N.A.M. v. M.P.W.**, 168 A.3d 256, 260 (Pa. Super. 2017) ("[T]he appealability of an order goes directly to the jurisdiction of the [c]ourt[.]").

[3] **See** Pa.R.A.P. 342(5) ("An appeal may be taken as of right from the following orders of the Orphans' Court Division…. An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship[.]").

[4] **See** Pa.R.A.P. 501 ("Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom."), **see also In re Gross**, 382 A.2d 116, 119 (Pa. 1978) ("[A]n actual controversy must be extant at all stages of review[.]").

taking testimony on the issue of standing rather than deciding the matter solely on the pleadings. *See* Pa.R.C.P. 1034.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2018