J-S28016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DANIEL ROBINSON | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAWN BARNHARDT | : | |
| | : | |
| Appellant | : | No. 1101 EDA 2021 |

Appeal from the Orders Entered March 15, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2014-07676

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                   **FILED NOVEMBER 15, 2021**

Dawn Barnhardt ("Mother") appeals from the March 15, 2021 orders[1] entered in the Montgomery County Court of Common Pleas which, *inter alia*, denied Mother's request to modify custody and denied Mother's request to hold Appellee, Daniel Robinson ("Father"), in contempt.  Upon review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Generally, when a party seeks to appeal from two separate orders entered at the same docket number, the party must file two separate notices of appeal. ***Dong Yuan Chen v. Saidi,*** 100 A.3d 587, 589 n.1 (Pa. Super. 2014).  Here, Mother has filed only one Notice of Appeal, but indicated therein her intention to appeal from two separate orders, which the trial court entered on the same day.  Although this practice is discouraged, Father has not objected and because the statutory period for taking an appeal has already expired, thereby precluding the filing of proper appeals, we decline to quash Mother's appeal. ***See Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.***, 263 A.2d 448, 453 (Pa. 1970).  We have changed the caption accordingly.

The procedural and factual history relevant to this appeal is as follows. Mother and Father are parents to eight-year-old S.B. ("Child"), who was born in September 2013. Since March 10, 2017, Mother and Father have shared joint legal custody and 50/50 physical custody of Child, with Child alternating weeks between Mother and Father's residence.

On November 17, 2020, Mother filed a Petition to Modify Custody Order alleging that Father fails to assist Child with schoolwork and exhibits anger and bizarre behavior in front of Child. Mother requested that the court grant her the right to make educational decisions for Child and award her primary physical custody of Child subject to Father's physical custody every other weekend. Also on November 17, 2020, Mother filed a Petition for Contempt of Custody Order averring that Father failed to comply with an August 28, 2019 Order directing him to pay Mother $650 for Child's past therapy sessions and to split the cost of ongoing therapy sessions.

On February 25, 2021, the trial court held a hearing on both petitions and heard testimony from Mother, Father, Father's mother, and Father's brother. On March 15, 2021, the trial court issued a final custody order discussing the 23 Pa.C.S. § 5328 custody factors and denying Mother's request for primary physical custody. On March 15, 2021, the trial court also issued an order denying in part and granting in part Mother's contempt petition. The trial court denied Mother's request to hold Father in contempt and impose sanctions but granted Mother's request that the court direct Father to pay Child's counseling session fees owed to Mother within 10 days.

Mother timely appealed both orders. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issues for our review:

1. Did the court err as a matter of law when it excluded evidence of the parties' behavior from the entry of the March 10, 2017 custody order to August 28, 2019[,] when no evidence had been presented to the court since the entry of the March 10, 2017 custody order?

2. Is the court's decision to maintain shared physical custody between the parties against the weight of the evidence?

3. Did the court err as a matter of law when it failed to hold [Father] in contempt and impose sanctions on him for failure to made payments to [Mother] for violation of the August 28, 2019 [o]rder finding [Father] in contempt?

Mother's Br. at 3 (some capitalization omitted).

"We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014). This Court must accept the findings of the trial court that the evidence supports. *Id*. Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can interfere only where the "custody order is manifestly unreasonable as shown by the evidence of record." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted).

The Custody Act requires a trial court to consider all of the Section 5328(a) custody factors when "ordering any form of custody." 23 Pa.C.S. §

- 3 -

5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." **S.W.D.**, 96 A.3d at 401. **See also** 23 Pa.C.S. § 5323(a) and (d).

When reviewing child custody matters and the trial court's consideration of the Section 5328(a) factors, our paramount concern is the best interests of the child. **Saintz,** 902 A.2d at 512. "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." **D.K.D. v. A.L.C.**, 141 A.3d 566, 572 (Pa. Super. 2016) (citations omitted).

In her first issue, Mother avers that the trial court erred when it determined that it would not hear evidence of events that occurred prior to the last court order entered on August 28, 2019. Mother's Br. at 7. Mother argues, without citation to the record, that the determination "was made off the record in front of counsel and then revealed by counsel at the beginning of the trial. There were also several points during the trial where the limitation was discussed or reasserted." **Id.** Mother contends that the court was not able to make a custody determination that was in the best interest of Child without all relevant evidence before the court. **Id.** at 8. Mother failed to preserve this claim of error for our review.

Our review of the record reveals that Mother's counsel failed to object to the exclusion of evidence prior to August 28, 2019. At the beginning of the trial, Mother's counsel and the court had the following exchange, where counsel agreed to the exclusion of evidence:

- 4 -

| [**COUNSEL**]: | [] Your Honor, I just want to make clear for the record, because my client wasn't here when we discussed how we're going to limit this hearing, that it going to be everything since the last hearing; is that correct?" |
|---|---|
| **THE COURT**: | Since the last order. |
| [**COUNSEL**]: | And that was? |
| **THE COURT**: | August 29, 2019.[2] |
| [**COUNSEL**]: | Okay. . . |

N.T. Hearing, 2/25/21, at 5. Moreover, while Mother argues that there were several other "points during the trial where the limitation was discussed or reasserted[,]" Mother's Br. at 7, she fails to state where she raised or preserved this issue as required by Pa.R.A.P. 2117(c) and 2119(e).

It is well settled that "[f]ailure to timely object to a basic and fundamental error will result in waiver of that issue." *In Interest of A.W.*, 187 A.3d 247, 252-53. (Pa. Super. 2018) (citation omitted). This Court will not consider a claim of error when an appellant failed to raise the claim in the trial court at a time when the error could have been corrected. *Id.* at 253; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.E. 103(a)(2) (providing, in relevant part, that a party may claim error in a ruling to exclude evidence only if the party informs the court of its substance by an offer of proof). Accordingly, this issue is waived.

---

[2] The order that the trial court is referencing is dated August 28, 2019, but was docketed on August 30, 2019.

Mother next avers that the trial court's decision to maintain shared custody between the parties is against the weight of the evidence. Rule 1925(b) Statement, 4/13/21, at ¶ 2; Mother's Br. at 3. In its 1925(a) opinion, the trial court found this issue waived because Mother "utilized simplistic boiler plate language [and] without any specific allegations provided to the court by Mother, the court is completely unable to address [issue two] of Mother's concise statement." Trial Ct. Op., dated 5/20/21, at 4.

It is an appellant's responsibility to precisely identify any purported errors. *Schenk v. Schenk*, 880 A.2d 633, 639 (Pa. Super. 2005). "When a court has to guess what issues defendant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001). "In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Id.* at 686-87. When a trial court fails to address an issue because the appellant's concise statement is not specific enough for the trial court to identify and address the issue that the appellant wishes to raise on appeal, waiver is appropriate. *Id.* at 687. The trial court concluded this issue was waived because it was too vague, and we agree.

In Mother's final issue, she avers that the trial court erred when it failed to hold Father in contempt and impose sanctions upon Father for his failure to comply with the August 28, 2019 court order that found Father in contempt and ordered Father to pay $650 for a portion of Child's past therapy, and

continue to pay Mother monthly for a portion of Child's ongoing therapy. Mother's Br. at 16. In support of her argument, Mother makes the narrow averment that she presented uncontradicted testimony that Father gave her money orders with his name on them, and she could not cash them. *Id.* at 18. Mother argues that this demonstrates that Father was in contempt of the August 28, 2019 court order. *Id.* at 18.

It is well settled that "each court is the exclusive judge of contempts against its process." *G.A. v. D.L.*, 72 A.3d 264, 269 (Pa. Super. 2013) (citation omitted). We review a trial court's finding on a contempt petition for a clear abuse of discretion, and "must place great reliance on the sound discretion of the trial judge[.]" *P.H.D. v. R.R.D.*, 56 A.3d 702, 706 (Pa. Super. 2012) (citation omitted). A trial court abuses its discretion if it "overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record[.]" *N.A.M. v. M.P.W.*, 168 A.3d 256, 261 (Pa. Super. 2017) (citation omitted). Importantly, "[t]his Court defers to the credibility determinations of the trial court with regard to the witnesses who appeared before it, as that court has had the opportunity to observe their demeanor." *Harcar v. Harcar*, 982 A.2d 1230, 1236 (Pa. Super. 2009) (citations omitted).

The Custody Act provides that "[a] party who willfully fails to comply with any custody order may, as prescribed by general rule, be adjudged in contempt." 23 Pa.C.S. § 5323(g)(1). "In civil contempt cases, the

complaining party has the burden of proving non-compliance with the court order by a preponderance of the evidence." ***Stahl v. Redcay***, 897 A.2d 478, 489 (Pa. Super. 2006) (citation omitted). To sustain a contempt finding, the complainant must prove: "(1) that the contemnor had notice of the specific order or decree which [s]he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." ***Id.*** (citation omitted).

Instantly, the trial court credited Father's testimony that he believed that he was not responsible for payments beyond January 1, 2020, because pursuant to the August 28, 2019 order, Child's therapist was to advise the parties if the therapist recommended therapy to continue beyond that date. The therapist did not so advise but Mother continued to take Child to therapy without a recommendation from the therapist. Trial Ct. Op. at 6. Further, the trial court emphasized that, during the trial, Father agreed to pay for 50% of the counseling fees for most of the dates, and only disputed two dates where he claimed he paid Mother the fees via money orders that Mother lost. ***Id.*** The court declined to find Father in contempt but ordered Father to pay 50% of Child's counseling sessions from four specific dates, totaling $150, within 10 days.

Mother's argument that Father provided her money orders that she could not cash does not demonstrate that Father violated the August 28, 2019 order willfully and with wrongful intent. In fact, it shows the opposite – that Father made attempts to comply with the order. Mother's argument, without

more, is unpersuasive and we decline to conclude that the trial court abused its discretion.  Mother is, thus, not entitled to relief.

Orders affirmed.

Judge Pellegrini joins the memorandum.

Judge Bowes concurs in results.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2021