J-A17010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALANA WRIGHT BENTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELENU KODJO ADOVOR | : | No. 617 EDA 2022 |

Appeal from the Order Entered January 25, 2022
In the Court of Common Pleas of Delaware County
Civil Division at No(s): CV-2006-006009

BEFORE: PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED OCTOBER 13, 2022**

Alana Wright Benton ("Mother") appeals, *pro se*, from the order, which found Elenu Kodjo Adovor ("Father")[1] in contempt but failed to impose sanctions on Father. Mother argues that the trial court was required to impose sanctions after finding Father in contempt. We affirm in part and reverse in part and remand for further proceedings. We also deny Mother's *pro se*

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although this appeal is related to a custody action, we will use the parties' names in the caption "as they appeared on the record of the trial court at the time the appeal was taken." Pa.R.A.P. 904(b)(1). Notably, "upon application of a party and for cause shown, an appellate court may exercise its discretion to use the initials of the parties in the caption based upon the sensitive nature of the facts included in the case record and the best interest of the child." Pa.R.A.P. 904(b)(2); **see also** Pa.R.A.P. 907(a). Neither party has applied to this Court for the use of initials in the caption. We will, however, refer to the parties' son by his initials or as "Child" to protect his identity.

"Motion for Summary Judgment" filed in this Court seeking a finding of contempt against Father as moot given our disposition of the appeal.

This case involves a long and protracted history of contentious litigation, including multiple petitions for custody and contempt filed by Mother and Father regarding their child, A.A. ("Child"), born in July 2004. Relevant herein, on November 16, 2020, the trial court issued a final custody order, awarding the parties shared legal custody, and Father primary physical custody and Mother partial physical custody. On April 30, 2021, the trial court found Father in contempt of the final custody order and awarded Mother make-up time.

On July 12, 2021, Mother, through counsel, filed a petition for contempt based upon Father's failure to follow the November 16, 2020 and April 30, 2021 custody orders. Mother specifically sought her custody time and counsel fees and costs. On September 20, 2021, following a hearing, the trial court found Father in contempt of the November 16, 2020 and April 30, 2021 orders, and awarded Mother makeup time. Thereafter, on September 29, 2021, the trial court granted Mother's request for counsel fees and ordered Father to pay counsel fees in the amount of $1,000, and costs in the amount of $192, within 60 days to Mother.

On December 1, 2021, Mother, *pro se*, filed a petition for civil contempt against Father for his failure to pay the counsel fees and costs as ordered on

September 29, 2021.[2] The trial court held a hearing on the contempt petition, at which Mother testified that she had not received the fees and costs, and Father's counsel admitted that Father had not paid the money. Ultimately, the trial court found Father in contempt based on his failure to pay the counsel fees and costs but declined to impose sanctions.

Mother filed a filed a timely appeal,[3] and a Pa.R.A.P. 1925(b) concise statement.[4]

Mother raises the following question for our review: "Under the rule of law, do the errors of law apply to a custodial contempt award in favor of [M]other, when there is a lack of enforcement written ('no sanctions') in an order from the lower court?" Mother's Brief at 2.

---

[2] Mother's counsel withdrew her appearance on December 10, 2021.

[3] It is well settled that a contemnor cannot appeal an order of contempt if no sanctions were imposed. **See N.A.M. v. M.P.W.**, 168 A.3d 256, 260 n.7 (Pa. Super. 2017). However, a trial court's order finding a parent in contempt for violations of court orders, but imposing no sanctions, is a collateral order and may be appealed by the opposing parent seeking contempt and sanction as of right. **See id.** at 261. Indeed, if an appellate court were to wait to address the contempt finding until the trial court imposed sanctions, which it may never do, the parent could lose all ability to seek judicial relief. **See id.** Accordingly, Mother's appeal is properly before this Court.

[4] We note that Mother failed to file her concise statement contemporaneously with her notice of appeal. **See** Pa.R.A.P. 1925(a)(2)(i) (providing that, in Children's Fast Track appeals, a Rule 1925(b) statement "shall be filed and served with the notice of appeal."); **see also** Pa.R.A.P. 905(a)(2) (same). Accordingly, this Court issued an order directing Mother to comply with Rule 1925(a)(2)(i) and (b). Mother complied with this Court's order; accordingly, we decline to find her issue waived.

Preliminarily, we note that Child has turned 18 years of age during the pendency of this appeal. **See** 23 Pa.C.S.A. § 5322 (wherein the Child Custody Act defines a "Child" as "[a]n unemancipated individual under 18 years of age."). Accordingly, neither this Court nor the trial court has subject matter jurisdiction over Child under the Child Custody Act. **See M.B.S. v. W.E.**, 232 A.3d 922, 928 (Pa. Super. 2020). However, this case involves the entry of orders finding Father in contempt of custody orders prior to Child reaching the age of 18. Therefore, because we are not deciding the parents' ability to exercise legal or physical custody over Child, but rather addressing the contempt orders against Father, we have jurisdiction over the matter and will proceed with Mother's appeal.

Mother contends that the trial court abused its discretion in failing to impose sanctions after finding Father in contempt for failing to pay counsel fees and costs. **See** Mother's Brief at 2-4, 7-8, 16.[5] According to Mother, the trial court should have imposed a sanction under 23 Pa.C.S.A. § 5323(g), which lists sanctions that must be imposed after a party is found in contempt of a custody order. **See id.** at 3-5, 14. In this regard, Mother highlights that Father continually failed to abide by custody orders to allow Mother to see Child, and that the trial court's ruling would allow Father to violate a court

---

[5] Mother appears to combine her summary of the argument and argument sections in her *pro se* brief. Although a *pro se* appellant is not entitled to special treatment, we can discern Mother's claims from her brief and will address them on appeal.

order without any penalty. *See id.* at 5, 9-11, 13, 19, 22. Mother argues that the trial court's reasoning that Mother was proceeding *pro se* and therefore could not be awarded counsel fees for failing to impose sanctions is misplaced, as she was counseled for the prior contempt petitions and is entitled to those fees and costs. *See id.* at 12, 14-15. Mother asserts that due to Father's willful disobedience, the trial court should have incarcerated him until he pays the counsel fees and costs per the September 27, 2021 order, and additional costs of $26 and a penalty of $500. *See id.* at 21-22, 23, 25.[6]

Our standard of review of civil contempt orders is narrow and we will reverse the order only if the trial court abused its discretion. *See Harcar v. Harcar*, 982 A.2d 1230, 1234 (Pa. Super. 2009). A trial court "abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason." *Id.* (citation omitted).

Regarding civil contempt, "[i]t is axiomatic that courts have always possessed the inherent power to enforce their orders and decrees by imposing

_____

[6] We note that Mother also raises claims regarding a child support hearing scheduled in New Jersey. However, the trial court explicitly stated that it was "unable to discern any appealable issue related to the pending child support claim in New Jersey[,]" and it "did not find any evidence of the New Jersey child support order relevant nor did it attach any weight to any of these statements." Trial Court Opinion, 4/11/22, at 10. Furthermore, Mother appears to raise a claim regarding Child's preference regarding custody. Such a claim is not properly before this Court in this appeal. Regardless, Child turned 18 years of age in July 2022, after this appeal had been filed, and is no longer subject to the custody orders. *See M.B.S.*, 232 A.3d at 928-29.

sanctions for failure to comply with said orders." ***Wood v. Geisenhemer-Shaulis***, 827 A.2d 1204, 1207 (Pa. Super. 2003) (citation omitted).

> Attorneys' fees and other disbursements necessitated by the contemnor's noncompliance may be recovered by the aggrieved party in a civil contempt case. Because an award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of an opponent, it is coercive and compensatory, and not punitive.

***Id.*** at 1208 (citation omitted); ***see also Gunther v. Bolus***, 853 A.2d 1014, 1016 (Pa. Super. 2004) ("The typical sanction for civil contempt is remedial in nature. For example, a court may require the contemnor to compensate the opposing party for losses incurred as a result of the violation or reimburse the party's attorneys' fees and costs."). Correspondingly, "[a] party who willfully fails to comply with any custody order may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following[,]" including counsel fees and costs and a fine. 23 Pa.C.S.A. § 5323(g)(1).

Here, Father admitted that he did not pay the counsel fees and costs, as required by the September 29, 2021 order. ***See*** N.T., 1/19/21, at 4. Ultimately, the trial court found Father in contempt due to his failure to pay but declined to impose sanctions. ***See id.*** at 57 (wherein the trial court informed Father that there is "a court order that you're responsible to pay. So you're in contempt of that order, sir. But I'm not issuing any sanctions."); ***see also id.*** at 58.

The trial court reasoned that "Father's failure to pay counsel fees and costs did not substantially affect Mother's legal or physical custody nor was it flagrantly contemptible conduct that affected the best interests of the child." Trial Court Opinion, 4/11/22, at 9. Further, the trial court "determined that it would have been wholly unreasonable and excessive to punish Father with imprisonment, a monetary fine, probation, or denial of operating privileges." *Id.* The trial court noted that the only reasonable sanction—additional counsel fees—was inapplicable because Mother was unrepresented. *See id.* Moreover, the trial court highlighted that "Father's recent substantive contempt finding was only due to his inability to convince his extremely headstrong and defensive seventeen-year-old son to comply with the [c]ustody [o]rder." *Id.* Because Mother failed to allege that Father acted with malicious or wrongful intent in failing to pay the fees and costs, the trial court found, pursuant Section 5323(g), that it was within its discretion to not assess sanctions against Father for his failure to pay. *See id.*

We conclude that the trial court abused its discretion by declining to impose any sanction on Father despite his flagrant contempt. Indeed, Father explicitly admitted to not paying the counsel fees and costs as required by the September 29, 2021 contempt order. *See* N.T., 1/19/21, at 4. The trial court's refusal to impose sanctions essentially rewards Father for disobeying the relevant order without adverse consequences, which undermines the judicial process. *See Harcar*, 982 A.2d at 1235 ("The contempt power is essential to

the preservation of the court's authority and prevents the administration of justice from falling into disrepute." (citation omitted)).

Likewise, the trial court's attempt to minimize Father's failure to abide by the custody orders due to the fact Child was headstrong and defensive is unsupported by the record, as the trial court expressly found Father in contempt for his continued inability to comply with the orders. At a minimum, Mother is owed the outstanding counsel fees and costs from the September 29, 2021 order, and her choice to represent herself after that time should not prohibit her from obtaining that money. Furthermore, Mother's choice to proceed *pro se* in this action does not mitigate the costs she had to pay to pursue the instant contempt petition against Father for his failure to comply with the court's prior contempt order. Therefore, in failing to impose any sanction, the trial court abused its discretion. **See N.A.M.**, 168 A.3d at 261-62 (determining that the trial court abused its discretion in failing to impose sanctions following a finding of contempt based upon mother's repeated abuse of the trial court's custody orders); **Harcar**, 982 A.2d at 1241 (concluding that the trial court abused its discretion in finding mother in contempt for violating two custody orders but failing to impose sanctions).

The trial court found the **N.A.M.** and **Harcar** cases to be distinguishable, as unlike those cases, Father's failure to pay counsel fees and costs did not substantially affect Mother's legal or physical custody of Child. **See** Trial Court Opinion, 4/11/22, at 9. We do not find such reasoning persuasive.

Here, as in **N.A.M.** and **Harcar**, the trial court failed to impose sanctions despite finding Father in contempt. Father admitted to not complying with the trial court's order to pay Mother counsel fees and costs, which arose out of Father's contempt for failing to comply with the custody orders. As such, the trial court's failure to enforce its prior contempt order essentially robs Mother of any redress for her losses due to Father's contemptuous behavior. This is exactly the harm identified by the **N.A.M.** and **Harcar** panels. Accordingly, we find those cases to be directly on point with the instant case.

Considering the foregoing, we affirm the finding of contempt against Father, but reverse the contempt order for the failure to impose sanctions. Upon remand, the trial court must impose sanctions.[7]

Order affirmed in part and reversed in part. Motion for Summary Judgment denied. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[7] As noted above, aside from prison time for Father, Mother essentially seeks her original counsel fees and costs, and additional costs and a fine. The trial court is not required to, and indeed is prohibited from, imposing sanctions that are punitive, absent further proceedings consistent with a finding of criminal contempt. **See In Interest of E.O.**, 195 A.3d 583, 586-87 (Pa. Super. 2018). The trial court is merely required to impose sanctions that are consistent with the goal of coercing Father to comply with the September 29, 2021 order and compensate Mother for the losses she has sustained.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *10/13/2022*