J-A18018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MONIQUE M. MCDANIEL AND BRIAN K. MCDANIEL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENDALL CUSTOM HOMES, LLC AND CARL SWINDELL | : | No. 791 WDA 2023 |
| Appellant | : | |

Appeal from the Order Entered June 22, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD-22-000038

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:          **FILED: AUGUST 6, 2024**

Kendall Custom Homes, LLC, and Carl Swindell (Swindell) (collectively, Appellants) appeal from the order finding them in contempt of the trial court's prior order enforcing an easement between Appellants' property and a neighboring property.  As the contempt order is not final and appealable, we quash the appeal.

The instant appeal involves two homes located at 1853 and 1855 Stoltz Road in South Park, Pennsylvania (1853 Stoltz and 1855 Stoltz, respectively). Both homes were owned by Dwight and Bonnie Sanders (the Sanderses) until 1997.  In 1997, Russell Wright (Wright) purchased 1855 Stoltz from the Sanderses through an installment land contract.  Complaint, 1/4/22, Exhibit

A (Installment Land Contract, recorded May 9, 1997). The installment land contract included, in relevant part, the following provisions:

> 17. <u>SUCCESSORS.</u> The respective right and obligations provided in this Agreement shall bind and shall insure [*sic*] to the benefit of the parties hereto, their respective legal representatives, heirs, successors and/or assigns.
>
> * * *
>
> 26. <u>DRIVEWAY EASEMENT AND MAINTENANCE AGREEMENT.</u> The Buyer understands and agrees that the driveway common to the property described herein and the adjoining property known as 1853 Stoltz Road is to be shared jointly for purposes of ingress, egress, and regress. Neither party shall block said driveway or otherwise impede the free and clear use of said driveway for access to each individual property.

*Id.*, Exhibit A (Installment Land Contract) (paragraph 26, hereinafter sometimes referred to as "the Easement"), ¶¶ 17, 26.

During the same year, the Sanderses sold the property at 1853 Stoltz to Charles and Barabara Haberstock. Complaint, 1/4/22, Exhibit B (Indenture, recorded November 3, 1997). The indenture included the following provision:

> SUBJECT to Driveway Easement and Maintenance Agreement as referenced in Installment Land Contract from Dwight Sander[s] and Bonnie Sanders, husband and wife, to Russell Wright for Lot No. 46, stating the driveway is to be shared jointly for the purposes of ingress, egress, and regress with the adjoining property known as 1853 Stoltz Road recorded in Deed Book Volume 9941, page 337 on May 9, 1997.

*Id.*

Appellees Monique M. McDaniel and Brian K. McDaniel (the McDaniels) began residing at 1853 Stoltz in 2003.[1] While Wright was the owner of 1855 Stoltz, he "did not object to the McDaniels parking in the driveway." Trial Court Opinion, 8/31/23, at 1-2. Appellants[2] purchased 1855 Stoltz on December 2, 2014. After Swindell moved into 1855 Stoltz, the parties began to dispute the use of the shared driveway. As a result, the McDaniels built a separate driveway to their home.

On January 4, 2022, the McDaniels filed a complaint in equity, alleging ejectment and trespass. The McDaniels requested damages "for the damage of [the McDaniels'] sidewalk, for the cost of installing the driveway, and the loss of the value of the property by installing said driveway…." Complaint, 1/4/22, ¶ 27. Appellants filed an answer and new matter. On September 21, 2022, the McDaniels filed a motion for a declaratory judgment.

On November 3, 2022, the McDaniels filed a motion for judgment on the pleadings, requesting that the court enter judgment in their favor and declare the driveway easement valid and enforceable. Appellants filed a brief in opposition. On February 13, 2023, the trial court granted the McDaniels' motion, stating: 1) the Easement is valid and enforceable between the parties;

---

[1] The certified record does not include a deed or other documentation confirming the McDaniels' purchase of 1853 Stoltz. Nevertheless, the McDaniels' status as the owners/residents of the property is not in dispute.

[2] Swindell is the listed organizer of Kendall Custom Homes, LLC.

2) neither party shall interfere with the rights provided in the Easement; 3) any violations are subject to sanctions; and 4) Paragraph 17 of the installment land contract binds Appellants to the Easement set forth in Paragraph 26. Order, 2/14/23.[3] **Appellants did not file an appeal from this order.**

On March 28, 2023, the McDaniels filed a motion for contempt of court and sanctions. The McDaniels alleged Swindell parked his truck in front of the McDaniels' door and "approximately one (1) foot from the shared property line …, completely obstructing [the McDaniels'] rights to utilize the Easement." Motion for Contempt, 3/28/23, ¶ 3. The McDaniels also averred Swindell had "continually defied" the trial court's February 13, 2023, order. *Id.*, ¶ 4. Appellants filed a reply.

The trial court conducted a hearing on the motion for contempt. On June 22, 2023, the court entered the following order (the contempt order):

1. [Appellants] are in contempt of my February 13, 2023[,] order **and shall purge themselves of contempt** by:

a. within 30 days removing any obstructions to the full and complete use of the entire driveway by [the McDaniels], including any flowerbeds;

b. not parking [Appellants'] vehicles or allowing any vehicles to be parked on the driveway;

2. [The McDaniels] also are prohibited from parking their vehicles or allowing any vehicles to be parked on the driveway;

_____

[3] The order is dated February 13, 2023, but it was entered on the docket the following day.

3. [The McDaniels'] use of the driveway is not limited to walking to and from their property; [the McDaniels] have the right to use the driveway for the same purposes [Appellants] use it for;

4. **The sanctions [the McDaniels] requested are denied.**

Order, 6/22/23 (emphasis added).[4]

Appellants filed a motion for post-trial relief, which the trial court denied. Appellants filed a notice of appeal from the contempt order. Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants raise the following issues for review:

I. Did the lower court err in granting injunctive relief in the absence of evidence that Appellants' use of the driveway for flower beds and parking of vehicles obstructs [the McDaniels]' use of the driveway for ingress, egress and regress?

II. Did the lower court err in prohibiting Appellants from utilizing the driveway, in which they own a fee simple interest, for parking their vehicles[,] and in giving [the McDaniels] the same right to use the driveway for the same purposes that Appellants use it for, despite the fact that [the McDaniels] only have an easement over the driveway for ingress, egress and regress?

III. Did the lower court err in finding that the language in the installment land contract created an easement when both the dominant and servient estate were legally owned by the same people at the time the easement was purportedly created[,] and the installment land contract was never consummated?

Appellants' Brief at 4-5.

_____

[4] The court's contempt order is civil in nature, as it compels performance of a prior order. **See Gunther v. Bolus**, 853 A.2d 1014, 1018 (Pa. Super. 2004) ("When contempt is civil, a court must impose conditions on the sentence so as to permit the contemnor to purge himself.") (citation and quotation marks omitted).

As an initial matter, we must consider whether the contempt order is final and appealable.[5]

> An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

**Stahl v. Redcay**, 897 A.2d 478, 485 (Pa. Super. 2006) (some citations and brackets omitted). "**Until sanctions are actually imposed by the trial court**, an order declaring a party to be in contempt is interlocutory and not appealable." **Lachat v. Hinchcliffe**, 769 A.2d 481, 488 (Pa. Super. 2001) (emphasis added); **see also N.A.M. v. M.P.W.**, 168 A.3d 256, 260 (Pa. Super. 2017) ("[T]o be appealable, a contempt order must not only find contempt, but it must also impose sanctions.").

Instantly, the contempt order found Appellants in contempt of its February 13, 2023, order. The court also reiterated the parties' previously established rights and restrictions under the driveway easement. However, the trial court specifically declined to impose sanctions.[6] Order, 6/22/23. The

---

[5] "[T]he question of appealability implicates the jurisdiction of this Court[,]" and we may raise this issue *sua sponte*. **McGrogan v. First Commonwealth Bank**, 74 A.3d 1063, 1074 (Pa. Super. 2013) (citation omitted).

[6] This Court has also explained, "for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and that no further court order be required before the sanctions take effect." **Foulk v. Foulk**, 789 A.2d 254, 258 (Pa. Super. 2001) (*en banc*).
*(Footnote Continued Next Page)*

trial court's order expressly permitted Appellants to purge the contempt. **See
id.** Because the contempt order did not include sanctions, it is not appealable.
**Cf. Rhoades v. Pryce**, 874 A.2d 148, 152 (Pa. Super. 2005) (*en banc*)
(concluding the imposition of counsel fees can constitute a sanction in a civil
contempt proceeding); **Lachat**, 769 A.2d at 488 (in a property case involving
use of an easement, a contempt order was appealable where it included a
directive for the contemnor to make remedial payments).

Based upon the foregoing, we conclude this appeal is not properly before
this Court.[7] We therefore quash the appeal and direct the Prothonotary to
remove the above-captioned case from the A18/24 argument panel.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/6/2024

---

Instantly, while the contempt order included a purge condition, the court
expressly declined to impose sanctions. Thus, a further court order would be
required to impose sanctions if Appellants fail to satisfy the purge conditions.

[7] Appellants do not address the propriety of this appeal, and instead
characterize the contempt order as an order granting a permanent injunction.
Such characterization is belied by the record. The order in question was
entered in response to the McDaniels' motion for contempt and includes a
finding that Appellants were in contempt of its February 13, 2023, order.